FIGUEROA ET AL., PETITIONERS, *v.* SEPÚLVEDA, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of Ponce in an Action of Unlawful Detainer.

No. 169.—Decided December 22, 1916.

UNLAWFUL DETAINER—APPEAL—LEASE—SECURITY—DAMAGES—COSTS. — An appeal in an action of unlawful detainer should be interposed within five days from the date of the judgment, and when the action is based on the expiration of the term of the lease it is an indispensable requisite for taking an appeal that security be given to cover damages and the costs of the appeal, which security must be given within the time allowed for taking the appeal.

ID.—ID.—JURISDICTION—SECURITY.—A municipal court has no jurisdiction to rule in an action of unlawful detainer that security given for an appeal is null and void, to allow the defendant time to give new security in the proper form and to approve the latter after the expiration of the time within which the security should have been given.

JURISDICTION.—Section 140 of the Code of Civil Procedure does not authorize any court to change jurisdictional periods.

The facts are stated in the opinion.

*Messrs. Alberto S.* and *José A. Poventud* for the petitioners.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

Francisco Figueroa Arroyo and Fidel Román Almodóvar presented to this court a verified petition for a writ of certiorari directed to the judge of the District Court of Ponce in the matter of proceedings therein on appeal from a judgment of the municipal court of the said city in an action of unlawful detainer brought by the petitioners against José María Arias Ríos. The writ was issued and the original record was brought up to this court for review.

The said record shows:

(*a*) That Francisco Figueroa Arroyo and Fidel Román Almodóvar brought an action of unlawful detainer against José María Arias y Ríos to recover the possession of a rural property owned by the plaintiffs, of which the defendant had been in possession as lessee at a rental of one hundred dollars annually for a term of six years, the term having expired on July 11, 1916.

(*b*) That the case went to trial and on September 6, 1916, the Municipal Court of Ponce rendered judgment for the plaintiffs and ordered that the defendant vacate the premises within twenty days from the date on which the judgment became final.

(*c*) That on September 8 José María Arias appealed from the said judgment to the District Court of Ponce and on the following day filed a bond signed by Ricardo Arias and Rogelio Pérez Haro to answer to the plaintiffs in the sum of two hundred dollars, the amount fixed by the municipal court, for such damages as they might suffer by reason of the appeal. Both sureties swore that they paid into the Insular Treasury more than three dollars in taxes on real property and that they owned real property not exempt from execution of the value of more than three hundred dollars.

(*d*) That on September 14, 1916, the plaintiffs moved the municipal court to void the bond and the court sustained the motion by its ruling of October 4, but allowed the defendant five days from that date, October 4, to file another bond in the sum of two hundred dollars.

(*e*) That the appellant having filed the appeal in the District Court of Ponce, on October 6 the plaintiff-appellees moved to dismiss the same for want of surety, inasmuch as that furnished had been properly adjudged null and void.

(*f*) That on October 9, or three days after the said motion was filed and thirty-three days after judgment in the action of unlawful detainer, the defendant-appellant filed a new bond executed by Ricardo Arias Ventura and Joaquín P. Valdivieso in the sum of two hundred dollars to answer for such damages as the plaintiffs might suffer by the appeal, as well as for the costs thereof, each surety swearing that he paid more than three dollars taxes and owned real property not exempt from execution worth more than three hundred dollars. The appellant, José María Arias y Ríos, also signed the said bond as principal obligor.

(*g*) That by its ruling of October 24, 1916, the court overruled the said motion in the following terms:

"This is a motion by the plaintiff-appellee for dismissal of the appeal.

"The record shows that on September 6, 1916, the Municipal Court of Ponce rendered judgment against the defendant in an action of unlawful detainer; that the defendant appealed therefrom on the eighth of the same month, and that on the following day, September 9, the appellant filed an appeal bond in the sum of two hundred dollars.

"As the said bond was partially defective, on October 4, 1916, on the motion of the plaintiff, the municipal court annulled the same but allowed the defendant-appellant five days within which to file a proper bond in the sum of two hundred dollars.

"On October 9 the bond was filed and approved by the judge of the municipal court.

"We are of the opinion that the plaintiff has suffered no injury. On the contrary, his rights have been absolutely safeguarded and

the object of paragraph 2 of section 12 of the Act of Unlawful Detainer has been complied with.

"We understand also that in cases like the present, in which an error was committed in executing the bond, the municipal court had authority to allow the bond to be corrected and perfected notwithstanding the appeal. *Rivera Esbri et al.* v. *Tous Soto, District Judge,* 11 P. R. R. 93.

"Wherefore, in view of section 140 of the Code of Civil Procedure the court, in the interest of justice, hereby overrules the said motion for dismissal of the appeal."

The attorney for the petitioners contends that in rendering the foregoing decision the District Court of Ponce erred—

1. In holding that the objects of paragraph 2 of section 12 of the Unlawful Detainer Act were complied with.

2. In holding that the municipal court was authorized to allow the bond which it had adjudged to be void on October 4, 1916, to be corrected and perfected.

3. In overruling the motion for dismissal of the appeal on the theory that section 140 of the Code of Civil Procedure was applicable.

Let us examine the errors assigned in the light of the law applicable to the case.

Sections 11 and 12 of the Act of March 9, 1905, establishing unlawful detainer proceedings and fixing rules for taking appeals in this class of actions, provide as follows:

"Section 11.—Appeals should be taken within a period of five days after the date of the judgment.

"Section 12.—Whenever the action of unlawful detainer is founded upon the non-payment of the amounts agreed upon, the defendant shall be denied the right of appeal unless he deposits in the office of the secretary of the court the amount due as the price up to the date of the judgment. In all other cases it shall be an indispensable requisite to the right of appeal on the part of the defendant that he furnish an undertaking, to the satisfaction of the court, binding himself to pay all damages which may be occasioned to the plaintiff, and also the costs of the appeal. Both the deposit and the undertaking referred to in this section shall be made or filed within the time granted for taking an appeal."

The law is clear and requires no interpretation.

Appeals in actions of unlawful detainer must be taken within five days from the date of the judgment, and in a case like the present, in which the action is based upon the expiration of the term of the lease, an undertaking to answer for damages and the costs of the appeal is an indispensable requisite to the right of appeal and must be filed within the time allowed for taking such appeal.

The appeal was taken within the statutory period of five days, but it is inoperative because the undertaking was not filed within that period to the satisfaction of the court; for the original bond, which was filed within the legal period, was declared null and void and the second bond was filed after the expiration of the time allowed.

The municipal court exceeded its jurisdiction in rendering its decision of October 4, 1916, annulling the bond and allowing the defendant five days from said date to furnish a good undertaking in the sum of two hundred dollars. Permitting the filing of such new undertaking was tantamount to allowing the appeal to be perfected after the expiration of the period prescribed by the Unlawful Detainer Act and in manifest violation thereof.

This is not a question of the insufficiency of a bond, but of a bond held to be null and void. The second bond is new and, in its essential elements, distinct from the first.

Section 140 of the Code of Civil Procedure is not applicable, for its wording shows that it refers to cases altogether distinct from the present. The section does not authorize any court to change jurisdictional periods of time. "The legal provisions governing the jurisdiction of courts, such as those relating to the terms within which an appeal must be taken, should be strictly applied and are not subject to the discretion of the courts." *Pérez* v. *Succession of Collado,* 19 P. R. R. 399.

For the reasons stated the decision of the District Court of Ponce of October 24, 1916, overruling the motion for dis-

missal of the appeal from a judgment rendered by the municipal court of the said city on September 6, 1916, should be reversed and the case remanded to the said district court for further proceedings not inconsistent with this opinion.

*Petition sustained.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.